UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE<br>$6,262.00 in U.S. Currency and<br>$574,925.00 in U.S. Currency | Case: 2:23−mc−50015<br>Assigned To : Berg, Terrence G.<br>Assign. Date : 1/6/2023<br>Description: IN RE $6,262.00 in U.S. Currency and $574,925.00 in U.S. Currency |

**Stipulation and Order Extending United States' Time to File Forfeiture Complaint and to Toll the Civil Filing Deadline**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Nicole Boykin and Darrell Hawkins ("claimants") by and through their attorney, John R. Minock, as follows:

1. On July 28, 2022, Drug Enforcement Administration seized the following property:

    - $6,262.00 in U.S. Currency; and
    - $574,925.00 in U.S. Currency

(collectively referred to herein as the "Currency").

2. The Parties acknowledge and stipulate that DEA provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Property to all known interested parties, including to Claimants.

3. Claimants filed a claim in the administrative forfeiture proceeding

with DEA regarding the Currency. No other person has filed a claim to the Currency in the administrative forfeiture proceeding.

4. DEA referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

(a) file a complaint for forfeiture against the claimed property,

(b) return the claimed property, or

(c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **January 9, 2023**.

6. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Currency.

7. Claimants knowingly, intelligently, and voluntarily give up any rights

he may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Currency, to return the Currency, and/or to include the Currency for forfeiture in a criminal action by **January 9, 2023**.

8. The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Currency, to return the Currency, and/or to include the Currency for forfeiture in a criminal action to toll the civil filing deadline shall be extended **90 days** from **January 9, 2023** to and including **April 9, 2023**.

9. Claimants waives all constitutional and statutory challenges related to the foregoing extension and give up any rights he may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. Claimants further waives and agrees to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Currency, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10. Claimants agrees that until the United States files a complaint for forfeiture against the Currency and/or alleges forfeiture of the Currency in a criminal action, or until **April 9, 2023**, whichever occurs first, the Currency shall

3

remain in the custody of the United States and Claimants shall not seek its return for any reason in any manner.

11. By signing below, John Minock declares that prior to signing this Stipulation, he provided a copy of it to Claimants, reviewed it with Claimants, consulted with Claimants regarding its contents, answered any questions Claimants had about it, determined that Claimants understands its terms and is aware of his rights in this matter, and Claimants authorized John Minock to sign this Stipulation.

12. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

*S/Catherine E. Morris*
Catherine E. Morris (P84371)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9562
Catherine.Morris@usdoj.gov

Dated: December 31, 2022

*S/John Minock (with consent)*
John Minock
Attorney for Claimants
Cramer, Minock, Sweeny
339 East Liberty Street, Ste 200
Ann Arbor, MI 48104
(734) 668-2200
cmlaw@cramerminock.com

Dated: January 6, 2023

**IT IS SO ORDERED.**

Date: January 6, 2023                /s/Terrence G. Berg
                                    _____
                                    UNITED STATES DISTRICT JUDGE